961 F.2d 220
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Gary Lee MCCOLPIN, Petitioner-Appellant,
v.
Steven J. DAVIES; Kansas Parole Board; Attorney General of
Kansas, Respondents-Appellees.
 No. 91-3373.
 United States Court of Appeals, Tenth Circuit.
 April 6, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. McColpin, a state inmate, appeals the dismissal of his pro se habeas petition.
 
 
 3
 A review of the record on appeal reveals that in 1976 Mr. McColpin was convicted of kidnapping, attempted indecent liberties with a child and enticement of a child. He received an aggregate sentence of twenty-one years to life. In 1987 Mr. McColpin's case was presented to the Kansas Parole Board with two members voting to grant parole and one voting to deny parole. As Kansas law requires unanimity, the Kansas Parole Board passed his case and recommended that Mr. McColpin participate in sex offender counseling before his next parole hearing. Mr. McColpin unsuccessfully appealed this decision to the Kansas Court of Appeals.
 
 
 4
 Mr. McColpin then filed his pro se habeas petition under 28 U.S.C. § 2254 with the United States District Court. In this petition he claimed the decision of the individual Parole Board member who voted against his parole was arbitrary and capricious and that this Board member misrepresented the facts of his case. The District Court found the record contained no factual support for this position beyond Mr. McColpin's own uncorroborated statements.
 
 
 5
 Mr. McColpin's second claim, as set forth in his habeas petition, was that the Parole Board's recommendation that he attend mental health programs for sex offenders constitutes cruel and unusual punishment as he had twice before attended such a program. The District Court, relying upon Rummel v. Estelle, 445 U.S. 263, 271-74 (1980), reasoned that the Eighth Amendment bars punishment that is grossly disproportionate to the offense and concluded no such disproportionality exists in Mr. McColpin's case.
 
 
 6
 The District Court denied relief and dismissed the case. Mr. McColpin appeals pro se. Mr. McColpin reiterates his original arguments. He also urges reconsideration of the prior order of this court denying him appointment of counsel to pursue this appeal.
 
 
 7
 Mr. McColpin is granted permission to proceed in forma pauperis.
 
 
 8
 We have reviewed the record on appeal and find ourselves in agreement with the actions of the District Judge. Mr. McColpin fails to persuade us. The judgment and decision of the District Court is AFFIRMED for substantially the same reasons set forth by the District Court. We also deny reconsideration of this court's order denying the appointment of counsel.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3